JS 44 (Rev 3/99)  **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
CYNTHIA SAXIONES

JUN 2 5 2004

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

### DEFENDANTS
JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE

**(b)** County of Residence of First Listed __Wichita County__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed __Washington D.C.__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
W. D. Masterson
Kilgore & Kilgore PLLC,
3109 Carlisle, Suite 200
Dallas, Texas 75204
(214) 969-9099 tele   (214) 953-0133 - facsimile

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

X 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | X 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs | | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐820 Copyrights | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐830 Patent | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | ☐840 Trademark | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | | | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 710 Fair Labor Standards | ☐861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | Act | ☐862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 720 Labor/Mgmt Relations | ☐863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐864 SSID Title XVI | ☐ 895 Freedom of |
| | | | ☐ 730 Labor/Mgmt.Reporting | ☐865 RSI (405(g)) | Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | ☐ 900 Appeal of Fee |
| ☐ 220 Foreclosure | X 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | Determination Under Equal |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus. | | | Access to Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐870 Taxes (U S Plaintiff | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | or Defendant) | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐791 Empl. Ret. Inc. | ☐871 IRS—Third Party | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

X 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity )

Violations of Title VII of the Civil Rights Act of 1964, 42 U.S C § 2000(e) et seq , and 28 U S C §1339

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  x Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE June 23, 2004

SIGNATURE OF ATTORNEY OF RECORD _W. D. Masterson_

FOR OFFICE USE ONLY



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CYNTHIA SAXIONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| JOHN E. POTTER, POSTMASTER | § | |
| GENERAL, UNITED STATES POSTAL | § | 3-04...1390P |
| SERVICE, | § | |
| | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Cynthia Saxiones ("Plaintiff" or "Saxiones"), complaining

of Defendant John E. Potter, Postmaster General, United States Postal Service

("Defendant"), and for cause of action respectfully shows the Court as follows:

I.

## THE PARTIES

1.      Plaintiff Saxiones is an individual residing in Richardson, Texas 75081.

Plaintiff worked in the Richland Station of the United States Postal Service and was

detailed to the Farmers Branch Station of the United States Postal Service at the time

that her cause of action accrued.

2.      Defendant John E. Potter is the Postmaster General of the United States

Postal Service,  and the head of the department in which Plaintiff was employed.

---

## II.

## JURISDICTION

4.      Jurisdiction is conferred on this Court to secure protection of and redress

the deprivation of rights secured by Title VII of the Civil Rights Act of 1964 (Title VII),

as amended, 42 U.S.C. § 2000(e) *et seq.*, and pursuant to 28 U.S.C. § 1339.

## III.

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

5.      Plaintiff has timely met all conditions precedent to the filing of this

lawsuit.  Plaintiff submitted a Complaint of Discrimination to the United States Postal

Service, Dallas Division Office, and appealed to the U.S. Equal Employment

Opportunity Commission, Office of Federal Operations.   Plaintiff received a Notice of

Right to Sue after April 14, 2004, a copy of which is attached as Exhibit A hereto.

Pursuant to Plaintiff's notice of right to file a civil action, Plaintiff has timely filed this

action within ninety (90) days of receipt of her Right to Sue letter.

## IV.

## FACTUAL ALLEGATIONS

6.      Plaintiff has worked for the Post Office for approximately 18 years and

had no previous psychiatric history.  Plaintiff filed several grievances due to racial

discrimination in the workplace (Plaintiff is Caucasian) and has resolved all three.

7.      Commencing in October 2002, Plaintiff was retaliated against for her prior

Equal Employment Opportunity activity when (1) on October 23, 2002, she was given

a letter of warning for failure to follow security guidelines; (2) on November 14, 2002, she was placed off the clock in a non-duty status for falsification; and (3) on January 8, 2003, she received a notice of removal for improper conduct - altering an official document, resulting in Plaintiff's suspension which she is now serving.

8.     With respect to charge (1) *supra*, in August 2002, Plaintiff informed management at the Farmers Branch Station and Richland Station that she needed a new badge because her badge had stopped working and would not give her access through any of the doors.  Because Plaintiff did not have a new badge, she was denied access to the restroom and break area on the second floor, while Black employees had access to these areas.

9.     The doors were routinely propped open due to the fact that employees who are reporting for training did not have access badges.  It was necessary for Plaintiff to have to prop open her doors so she could get back in after using the restroom.  Furthermore, Plaintiff wrote up a Form 1767, Report of Hazard or Safety Condition, reporting that the doors would not close properly.

10.     On October 4, Plaintiff was placed off the clock for being unsafe to herself and others because the doors were propped open.  On October 7 Plaintiff was given a new access badge which worked, but on the same date Plaintiff received pre-disciplinary procedures for leaving the doors open while the postal police were present, which had never been done before to any other employee for an alleged non-threatening defense.  Plaintiff, a small woman, was being singled out and treated differently by having the postal police present.

---

11.     With respect to issues (2) and (3), Plaintiff only made additions and corrections to a grievance, and the corrections were open and obvious.  No union representative other than Plaintiff has ever been charged with altering a document (the original charge was for falsifying a document, but was later changed) when making additions and corrections to a grievance.  Plaintiff was treated differently than other representatives and was issued a removal.

12.     On January 8, 2003, Plaintiff received a notice of removal which resulted in a 7-day suspension for improper conduct - altering an official document, as a continuation of issue (2).

13.     Plaintiff previously had a grievance settlement which stated that management would not interrupt Plaintiff needlessly while Plaintiff was on union time, but management violated this condition in order to retaliate against Plaintiff for having filed successful grievances.  Plaintiff was paid monetary awards on several EEO complaints.

14.     Members of management engaged in aggressive, hostile and threatening behavior toward Plaintiff in connection with the retaliatory actions taken against Plaintiff, so that Plaintiff suffered severe mental anguish and emotional distress.  The extreme mental anguish and emotional distress suffered by Plaintiff as a result of the retaliatory actions taken against Plaintiff by management are set forth in the psychiatric report on Plaintiff attached as Exhibit B hereto.

## V.

## FIRST COUNT

## <u>RETALIATION</u>

15.    The foregoing paragraphs of this Complaint are incorporated in this Count by reference as if set forth at length herein.

16.    Defendant has retaliated against Plaintiff by subjecting her to a hostile environment, and retaliatory acts ranging from taking Plaintiff off the clock to Plaintiff's current removal or suspension.  Defendants retaliated against Plaintiff after she successfully filed and prosecuted  EEO charges. Defendants have thereby intentionally engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*

17.    All conditions precedent to filing this action for discrimination under federal law have been met.  Plaintiff timely filed her charge of retaliation based upon EEO activity.  Plaintiff has, within the past ninety (90) days of filing this lawsuit, received a Notice of Right to Sue attached as Exhibit A.

18.    Defendant has engaged in a single continuous course of conduct of retaliation against Plaintiff because of Plaintiff's protected EEO activity and by subjecting Plaintiff to a hostile environment in order to destroy Plaintiff, her career, and her personal life.

19.    Such retaliation by Defendants against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, future  pecuniary losses, emotional pain and suffering, inconvenience, loss of

enjoyment of life and other non-pecuniary losses.  Further, this retaliation was done

by Defendant with intentional malice or with reckless indifference to Plaintiff's

protected rights.   Such retaliation constitutes gross, wanton, reckless, and/or

intentional violation of Plaintiff's rights under Title VII.   Plaintiff is therefore also

entitled to recover punitive damages.   Plaintiff is also entitled to recover all costs of

Court, and attorneys' fees.

## III.

## JURY DEMAND

38.   Plaintiff demands trial by jury on all issues raised by her Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited

to appear and answer herein, and that on final trial, Plaintiff have the following relief

against Defendant:

1.   Judgment for back pay and front pay and all past and future lost
fringe benefits;

2.   Compensatory damages for the humiliation, damage to reputation,
mental and emotional distress, and pain and suffering that Plaintiff
has experienced and endured as a result of the discriminatory
actions of Defendant;

3.   Exemplary damages in an amount determined by the trier of fact;

4.   Costs of past and future medical treatment, and past and future
psychiatric and psychological treatment and counseling;

5.   Damages for past and future mental anguish, emotional distress,
and physical distress, inconvenience, loss of enjoyment of life, and
other non-pecuniary losses;

7.   Prejudgment and post-judgment interest at the maximum legal rate;

8.  Preliminary and permanent injunctive relief directing Defendant to cease the fostering of exposing a sexually hostile environment;

9.  Preliminary and permanent injunctive relief reinstating Plaintiff effective with her removal, and correcting all personnel records to show this;

10.  Attorneys' fees;

11.  Expert's fees;

12.  All costs of court; and

13.  Such other and further relief to which Plaintiff may be justly entitled.

Dated: This 23rd day of June , 2004.

Respectfully submitted,

KILGORE & KILGORE, PLLC

By: W.D. MASTERSON
State Bar No. 13184000
D. ELIZABETH MASTERSON
State Bar No. 00791200

3109 Carlisle, Suite 200
Dallas, TX  75204
(214) 969-9099 - Telephone
(214) 953-0133 - Fax

ATTORNEYS FOR PLAINTIFF
CYNTHIA SAXIONES

PCDOCS/WDM/PLD/46950.1

---

**PLAINTIFF'S ORIGINAL COMPLAINT**



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Office of Federal Operations
### P.O. Box 19848
### Washington, D.C. 20036

Cynthia Saxiones,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
(Southwest Area),
Agency.

Appeal No. 01A41475

Agency No. 4G-752-0046-03

## DECISION

Pursuant to 29 C.F.R. § 1614.405, the Commission accepts the complainant's appeal from the agency's final decision in the above-entitled matter. Complainant alleged that the agency had discriminated against her in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.*, on the basis of reprisal for prior EEO activity when: (1) on October 22, 2002, she was issued a Letter of Warning for failure to follow safety procedures; (2) on November 14, 2002, she was placed off the clock for falsification; and (3) on January 8, 2003, she was issued a Notice of Removal for improper conduct. After a review of the record in its entirety, including consideration of all statements submitted on appeal, it is the decision of the Equal Employment Opportunity Commission to affirm the agency's final decision because the preponderance of the evidence of record does not establish that discrimination occurred.

## STATEMENT OF RIGHTS – ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2

01A41475

2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973,

as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*[signature]*

Carlton M. Hadden, Director
Office of Federal Operations

APR 1 4 2004

Date

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

APR 1 4 2004

Date

*[signature]*

Equal Opportunity Assistant



ONE TURTLE CREEK VILLAGE
SUITE 630
DALLAS, TEXAS 75219
TELEPHONE (214) 522-1950

*E. Anthony Moore, M.D.*

DIPLOMATE AMERICAN BOARD OF PSYCHIATRY AND NEUROLOGY

05/28/03

To: Department of Labor

PSYCHIATRIC EVALUATION

Re: Cynthia Saxtones
SS # 465 - 33 - 9633
DOB: 09/26/57

I have been evaluating and treating Cynthia Saxtones since 03/05/03 and I have found her to be suffering from stress reactions due to a hostile work environment with the post office. She suffers from major depressive episode (296.23).

She has worked for the post office for approximately 18 years and has had no previous psychiatric history. She has filed several grievances due to discrimination in the work place and she has won all three of them. It has not stopped the harassment and the symptoms that she has developed which have been particularly bad beginning in the fall of 2002 and worsening into 2003. She has been having such symptoms as marked anxiety, along with marked difficulty sleeping, marked difficulty with appetite, and she has had feelings of hopelessness and sadness as the result of the hostile treatment in the work place. She had become morbidly preoccupied with issues surrounding death, having begun to read obituaries in the newspapers, a sign of morbid thinking. She has withdrawn from her usual activities and hobbies such as gardening and she has been unavailable to her husband and her sex drive is diminished. She has had no previous history of depression prior to October of 2001 and she has been having marked feelings of victimization and agitation where she will be consumed and preoccupied with feelings of victimization, anger, and depression over the mistreatment from the post office.

# EXHIBIT B

Department of Labor
Psychiatric Evaluation
Page Two,
05/29/03

Re: Cynthia Saxiones
SS # 465 - 93 - 9633
DOB: 09/26/57

She sought help to deal with the way she was feeling and she has
required active treatment to stabilize her condition.

Despite her filing and winning three grievances regarding
discrimination, the post office has continued to harass and mistreat
her which she has documented very well in her notes and letters. At
one point, she had begun drinking more prior to coming into be
evaluated. The drinking was to help medicate her. Since she has been
treated with medications, the drinking has stopped. However, she
continues to have flash-backs and is flooded with feelings related to
the harassment and mistreatment from the post office by various
individuals in management as she documents in her letters and notes.
At another point, one of the managers tried to attack her, but was
held back by the Union Steward who was with her and this has further
added to her feelings of victimization, loss of self esteem, loss of
ability to perform in her career, and loss of ability to perform as a
wife in her marriage. She becomes overwhelmed when thinking of
returning to work, as it is a hostile, aggressive work environment
and has resulted in causing her depression.

In reading over the letters and notes that she has presented, it
becomes very clear that her story is valid and that she has
documented the incidents that have occurred to her. She was
trying her best to remain at work, but she could no longer take it
when she sought psychiatric consultation in March of this year.
Since she has begun to see me, I have visited with her and her
husband and corroborated her story and psychiatric history with them
and, in addition, I have started her on medications which includes
Xanax 0.5 mg one, two, or three times daily for anxiety related to
her ordeal and Risperdal 0.5 mg at bedtime which she has been taking
for the agitation and sleeplessness due to the mistreatment from her
work, as well as starting her on Effexor-XR 25 mg daily for her
depression. Since that time, in March she has had her Risperdal
increased to 2 mg at bedtime and her Effexor-XR has been increased to
150 mg per day which is her current dose.

Initially, her mental status examination revealed someone who had
markedly blunted affect, disheveled appearance who was overwhelmed
Department of Labor

Department of Labor
Psychiatric Evaluation
Page Three.
05/28/03

Re: Cynthia Saxiones
SS # 465 - 33 - 9633
DOB: 09/28/57

Initially, her mental status examination revealed someone who had markedly blunted affect, disheveled appearance who was overwhelmed with anxiety and agitation, and yet exhibited psychomotor retardation with a markedly depressed mood and morbid thinking. She is barely able to reach goal ideas at a sentence level. She exhibited a process called rumination where she could not get issues about the post office and her mistreatment off her mind.

Since she has entered treatment and taking medications away from the work setting, she has shown some improvement, but if any discussions take place about work, it revives all the bad memories, mistreatment, and harassment that she has suffered and it is my firm opinion that she is unable to return to work due to the harassment, mistreatment, and victimization in her work place. I recommend that she be granted medical disability and continue her treatment. Furthermore, that the issues raised by the filing of her grievances and EEOs be addressed. The manner in which she has been treated is intolerable and unbecoming of an organization.

R. ANTHONY MOORE, M.D.

RAM/mp